UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JERRY TRONNE BROWN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-1119 RWS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on movant's letter to the Court dated June 8, 2018, in which movant seeks to be appointed a public defender to file a motion to vacate, set aside or correct his sentence based on the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). The Court will construe movant's letter as a pro se motion to vacate, set aside or correct his sentence. The motion is a "second or successive motion" within the meaning of 28 U.S.C. §§ 2244 & 2255 but has not been certified by the United States Court of Appeals for the Eighth Circuit as required by the AEDPA. As a result, the motion will be dismissed.

Movant was convicted of four counts of various drug offenses by a jury in November of 1998. *See United States v. Brown*, No. 4:98-CR-152 (E.D. Mo. 1999). He was sentenced to 397 months' imprisonment, and his conviction and sentence were upheld on appeal. *See United States v. Williams*, 198 F.3d 252 (8th Cir. 1999).[1] Movant then appealed to the United States Supreme Court which denied him a writ of certiorari. *See Williams v. United States*, 529 U.S. 1094 (2000).

---

[1] Movant received a Crack/Cocaine Sentence Reduction ("Amendment 782") on March 13, 2015, to a term of imprisonment of 378 months.

Movant filed his first motion to vacate pursuant to 28 U.S.C. § 2255 on March 28, 2001, *Brown v. United States*, No. 4:01-CV-451 RWS (E.D. Mo. 2002). This Court denied the motion on May 30, 2002, and the United States Court of Appeals for the Eighth Circuit denied movant's application for a certificate of appealability on November 18, 2002.

In the instant motion, movant claims that the United States Supreme Court's decision in *Sessions v. Dimaya*, provides that the residual clause in 18 U.S.C. § 16(b), and its similarly worded sister statute of 18 U.S.C. § 924(c), are unconstitutionally vague. Thus, movant seeks to have his sentence at least partially set aside.

Under 28 U.S.C. § 2255(h):

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense . . .

Absent certification from the United States Court of Appeals, this Court lacks authority under § 2255 to grant movant's requested relief. As a result, the motion shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that movant's letter to the Court dated June 8, 2018, which the Court construes as a pro se motion to vacate, set aside or correct sentence is **DENIED AS SUCCESSIVE**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 25th day of February, 2019.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE